UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Dkt. No. 0101 1:11-CR-10206-2 |
| | ) | |
| ARCHIE ALLEN | ) | |

## DEFENDANT ARCHIE ALLEN'S SENTENCING MEMORANDUM

Pursuant to the Court's procedural order of September 21, 2012, defendant Archie Allen, through counsel, submits this sentencing memorandum in support of the Court's consideration and imposition of a sentence below the advisory guideline range (AGR) recommended by the probation officer in the revised Presentence Report (PSR).[1] In the first instance, the defendant asserts that he has met the five criteria for the Safety Valve as recounted in U.S.S.G. § 5C1.2. This is consistent with the lower of the alternative AGRs recommended by the probation officer. In the second instance, the defendant wishes to restate and expand the reasoning for his objection, which remains unresolved, to the drug quantity weight recommended by the probation officer. Instead of a base offense level (BOL) of 34, the defendant urges the Court to find a BOL of 32. If the Court sustains the defendant's objection, then the total offense level (TOL) would be reduced, after application of the Safety Valve and acceptance of responsibility adjustments, to 27. This, combined with a criminal history category I, would result in an AGR of 70 to 87 months. The defendant believes that, after a thorough consideration of the purposes of sentencing recounted in 18 U.S.C. § 3553(a)(2)(A-D), the Court will conclude that a sentence slightly below the low end of the AGR would be just. Accordingly, the defendant respectfully requests that the Court impose a term of imprisonment of 60 months, with a judicial recommendation to the Bureau of Prisons (BOP) for the defendant's participation in the Residential Drug Abuse Program (RDAP); three years' supervised release with the special substance abuse aftercare condition; waiver of a fine due to the defendant's inability to pay same; and a special assessment of $100.

---

[1] The recommended AGR is either 87 to 108 months if the defendant is accorded the Safety Valve, or 120 to 135 months if he is not.

## Safety Valve

The defendant submits that he has met all five criteria under U.S.S.G. § 5C1.2(a)(1-5) for the Safety Valve consideration. The probation officer acknowledges that the defendant has met the first four. The defendant has engaged in a proffer with the government and truthfully told the government all he knows about the offense. It is expected that counsel for the government will acknowledge this fact. Accordingly, the defendant should receive the two-level Safety Valve reduction under U.S.S.G. § 2D1.1(b)(16). Additionally, the defendant would no longer be subject to the minimum mandatory ten-year sentence.

## Drug Quantity

The defendant's objection to the recommended finding on drug quantity by the probation officer is recounted here in full:

> Objection #1. For reasons cited below, we object to your conclusion in ¶80 that the defendant is responsible for between 840 grams and 2.1 kilograms of cocaine base, thus resulting in a base offense level (BOL) of 34 under U.S.S.G. § 2D1.1(c). We contend instead that the defendant is responsible for between 280 grams and 840 grams of cocaine base, justifying a BOL of 32 under U.S.S.G. § 2D1.1(c)(4).
>
> Your calculation of the cocaine base quantities, based as it is on the defendant's proffer as partially recounted in ¶69, is not incorrect. What is incorrect is your uncritically accepting this full quantity as that which should be attributable to the defendant *under the Guidelines*. The standard of proof, as you know, is preponderance of the evidence. Most practitioners agree that all of the quantities (even here where it is based on the defendant's admissions) require *corroborative evidence*. When one examines "The Offense Conduct" section of the PSR, several transactions are cited. Only two, however, *i.e.,* those of April 20, 2011 (¶23 to ¶41) and of April 25, 2011 (¶42 to ¶50), can be said to be attributable to the defendant. The total for these two transactions was 147.6 grams of cocaine base. Apart from the evidence advanced for these two transactions, no other corroborative evidence with respect to the defendant exists in the PSR.
>
> In making this argument, the defendant is not denying the facts of the proffer as reported. He is simply contending that the preponderance of evidence standard has not been met for the defendant to be deemed responsible for the entire quantity. Nor is he asking the Court to base the BOL on the 147.6 grams of cocaine base.[2] The defendant has pleaded guilty to an offense that carries a ten-year minimum mandatory penalty. Consistent therewith, the defendant acknowledges that he distributed between 280 grams and 840 grams of cocaine base and that the BOL should be 32. The defendant therefore respectfully requests that the BOL in ¶80 be changed to 32.

---

[2] For such a quantity, the BOL would be 28 under U.S.S.G. § 2D1.1(c)(6).

The essence of the defendant's position is that it would indeed by unseemly if, as maintained by the probation officer, the defendant would be required to serve an additional minimum of 17 months imprisonment[3] based on the defendant's honesty about the offense in his proffer to the government *when the government has no evidence to corroborate a quantity of drugs beyond that required by his plea of guilty, i.e., 240 to 840 grams of cocaine base.* It is hard to imagine the authors of the Safety Valve provision envisioning a circumstance where, as here, one of the benefits to be gained by meeting all five criteria, *i.e.,* the two-level reduction, is effectively nullified because the defendant was fully honest in his proffer. It is for all of these reasons that the defendant urges the Court to find a quantity of cocaine base of between 240 and 840 grams, which translates into a BOL of 32 under U.S.S.G. § 2D1.1(c)(4).

## Analysis and Recommendation

An analysis of this case in light of the sentencing purposes recounted in 18 U.S.C. § 3553(a)(2)(A-D) follows. The sentence is:

*(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.*

The defendant acknowledges that all of these subfactors require a sentence of imprisonment. The question is how much is sufficient, but not greater than necessary, to meet the purposes of sentencing. The defendant concedes that there is nothing in his background, standing alone, which suggests that he should receive other than a low-end AGR sentence. However, given that he has never before served a jail sentence, a sentence of 60 months should be more than sufficient. He deeply regrets his involvement in the offense.

*(B) to afford adequate deterrence to criminal conduct.*

Certainly a sentence of 60 months imprisonment will deter others from so acting. This is especially the case when one remembers that Federal inmates serve at least 87.5% of the stated sentence. Any such sentence will also have a deterrent value to the defendant

---

[3] This is based on the minimum of the two respective AGRs: 70 months and 87 months.

himself who has never previously served an incarcerated sentence and who will not again want to separate himself for such a period from his loved ones.

*(C) to protect the public from further crimes of the defendant.*

The public will be protected from crimes of the defendant during his period in custody when the defendant intends to avail himself of available substance abuse programs. Upon release to the community, the defendant will presumably be under the close supervision of the U.S. Probation Office which will strictly enforce the special condition for substance abuse aftercare which is likely to be imposed by the Court. The possibility of further imprisonment for violation of the terms of supervised release will also serve as a disincentive for the defendant to commit further crimes in the community.

*(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.*

It is clear that the defendant is in need of substance abuse treatment while imprisoned. It is for this reason that the defendant requests a judicial recommendation for his participation in RDAP while in BOP. The defendant may also wish to avail himself of other educational or vocational opportunities available there.

In summary, the defendant respectfully requests that the Court find that he has met all five criteria under U.S.S.G. § 5C1.2(a)(1-5) for the Safety Valve. The defendant further requests, for the reasons advanced, that a BOL of 32 be found on the basis of between 280 and 840 grams of cocaine base. The resulting AGR would be 70 to 87 months, and the defendant would respectfully urge the Court to impose the following sentence:

> 60 months imprisonment, with a judicial recommendation for participation in RDAP while in the custody of BOP;
> Three years supervised release with the special condition for substance abuse aftercare;
> Waive of fine due to the defendant's inability to pay same, and;
> $100 special assessment.

>> Respectfully submitted,
>> Archie Allen
>> By his attorney,

**Dated:**     May 3, 2013                    /S/Paul J. Garrity
                                              Paul J. Garrity, Esq.
                                              Federal ID# **555976**
                                              14 Londonderry Road
                                              Londonderry, NH 03053
                                              603-434-4106
                                              garritylaw@myfairpoint.net

CERTIFICATE OF SERVICE

I, Paul J. Garrity, hereby certify that on this 3rd day of May, 2013, a copy of the within Motion has been e-mailed to the U.S. Attorney's office and all parties of record and mailed, postage pre-paid to Archie Allen

/S/Paul J. Garrity